*1070 OPINION.
Littleton:
The statute provides that stockholders of a corporation shall pay a tax upon amounts received in liquidation of the corporation measured by the difference between the cost or March 1, 1913, value of their stock and the cash and value of the property received upon liquidation. The adoption by the stockholders of a resolution of dissolution is not in every case conclusive proof that they thereupon realize a gain or sustain a loss. They may or they may not receive a liquidating dividend on the date of the dissolution resolution, or when it is properly recorded. In most cases at least this is a question of fact. Appeal of S. B. Quigley, 2 B. T. A. 159.
The statutes of Wisconsin provide that a corporation shall remain in existence for three years for the purpose of winding up its affairs.
The facts in this proceeding show that upon the dissolution resolution, the officers of the corporation who were its stockholders made arrangements for distribution of assets in liquidation. The corporation continued its business and its accounts without change to the close of business on December 31, 1919. It made a return of income for the full calendar year and paid the tax shown to be due. Between January 1 and January 20, 1920, the corporation executed quitclaim deeds to its real property and transferred its mortgages to the petitioner and issued checks on January 20, 1920, for $45® to each of the two stockholders owning one share of stock. The petitioner then took over the business and assets and assumed the liabilities of the corporation. The stockholders and directors made a valuation of the assets and determined them to have a value equal to $450 a share on all of the outstanding capital stock, or a total value of $45,000. We believe this valuation to have been correct.
Under these circumstances, we are of the opinion that, the liquidating dividend which the Commissioner has included in the income of the petitioner for 1919 was not received by him until 1920. Accordingly, the Commissioner’s determination of a deficiency for 1919 *1071 in so far as it is predicated upon a dividend received upon the liquidation of the Rhinelander Lumber & Coal Co. was erroneous.

Judgment for the fetitioner. Order of rede-termination will be entered under Bule 50.